106 F.3d 402
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
William Henry CLAY, Defendant-Appellant.
 No. 95-6310.
 United States Court of Appeals, Sixth Circuit.
 Dec. 23, 1996.
 
 Before: MERRITT, KENNEDY and GUY, Circuit Judges.
 MERRITT, Circuit Judge.
 
 
 1
 Defendant Clay was indicted for possession and distribution of cocaine base. Clay pled guilty and was sentenced to 262 months in prison. Clay now appeals his sentence, arguing that the sentencing guidelines and statutes applied to him are unconstitutional. Clay also argues that the government breached its plea agreement by refusing to file a motion for downward departure from the sentencing guidelines. We affirm the district court's decision that the guidelines and statutes are constitutional. We vacate the district court's decision that the government did not breach the plea agreement and remand for further consideration.
 
 
 2
 * In an eight count indictment, a grand jury charged defendant Clay with one count of conspiracy to possess cocaine base with intent to distribute in violation of 21 U.S.C. § 846, and five counts of distributing cocaine base in violation of 21 U.S.C. § 841. The indictment also included two counts forfeiting Clay's interest in $53,374, a 1983 Cadillac, and a 1984 Chevrolet Blazer to the United States.
 
 
 3
 Clay pled guilty to all the counts except the conspiracy count. As part of the plea agreement, the government agreed to file a motion to depart below the guidelines, pursuant to Sentencing Guideline § 5K1.1, if Clay provided substantial assistance leading to the filing of criminal charges against an individual named James Eubanks. On the day of Clay's sentencing, the government informed Clay that it would not file a § 5K1.1 motion because no charges would be filed against Eubanks based on Clay's assistance. The government also informed Clay that Eubanks had been charged in another jurisdiction.
 
 
 4
 Before his sentencing, Clay argued that the sentencing guidelines and provisions of 21 U.S.C. § 841(b)(1) regarding sentences for offenses involving crack cocaine are unconstitutionally vague and violate the equal protection and due process clauses. Clay also argued that the district court should depart downward from the guidelines because he provided substantial assistance to the government. The district court rejected Clay's arguments on both issues. Clay was sentenced to 262 months in prison followed by ten years of supervised release.
 
 II
 
 5
 I. Sentencing for Offenses Involving Crack Cocaine
 
 
 6
 Clay argues that the statutes and sentencing guidelines used to sentence him are unconstitutionally vague and violate the equal protection and due process clauses because they impose a 100:1 ratio for powder cocaine to crack cocaine. The Sixth Circuit has already held that Clay's arguments are meritless. See United States v. Bingham, 81 F.3d 617, 630 (6th Cir.1996) (no equal protection violation), cert. denied, 117 S.Ct. 250 (1996); United States v. Tinker, 985 F.2d 241, 242 (6th Cir.1992) (no equal protection or due process violations), cert. denied, 507 U.S. 1040 (1993); United States v. Smith, 73 F.3d 1414 (6th Cir.1996) (not unconstitutionally vague).
 
 
 7
 II. Downward Departure for Substantial Assistance
 
 
 8
 Under Sentencing Guideline § 5K1.1, the government may make a motion for downward departure when the defendant has provided substantial assistance in the investigation or prosecution of another person. The government promised Clay that it would file a § 5K1.1 motion under the following circumstances:
 
 
 9
 11. The United States agrees to file a motion to depart below the Sentencing Guidelines and to sentence below any applicable statutory mandatory minimum sentences, if, and when, the defendant provides substantial assistance as contemplated under § 5K1.1 of the Sentencing Guidelines. The parties agree that in order for the defendant to be entitled to a 5K1.1 motion, his assistance must directly or indirectly lead to filing of criminal charges against a person named James Eubanks of Cincinnati, Ohio, who the defendant has indicated and the United States believes plays a major role in the distribution of cocaine base in the Lexington and Central Kentucky area.
 
 
 10
 Clay's Plea Agreement p 11 (J.A. at 85) (emphasis added). Clay argues that he provided substantial assistance, but the government did not perform as it promised. The government argues that Clay's assistance did not lead to the filing of criminal charges against Eubanks even though charges had been filed against Eubanks in another jurisdiction.
 
 
 11
 The government argues that under Wade v. United States, 504 U.S. 181, 186-87 (1992), the defendant was required to prove that the government had an unconstitutional motive in not filing a § 5K1.1 motion. However, Wade is not controlling because the defendant in Wade did not rely on a plea agreement. Id. at 184. Unlike the situation in Wade, the government promised Clay as part of the plea agreement that it would file a § 5K1.1 motion for downward departure under certain circumstances. See Doe v. United States, No. 95-5567, 1996 WL 250444, at * 4 (6th Cir. May 10, 1996) (unpublished) ("Wade is not controlling when the government signs a plea agreement in which it promises to consider a downward departure."). Plea agreements are contractual. United States v. Robison, 924 F.2d 612, 613 (6th Cir.1991); Santobello v. New York, 404 U.S. 257 (1971). The government is bound by the terms of its agreement and must perform its promise in good faith. See Doe v. United States, 1996 WL 250444, at * 4. Therefore, this court must decide whether the government acted in conformance with its agreement.
 
 
 12
 The government informed Clay that it would not file a § 5K1.1 motion because it would not file charges against Eubanks based on Clay's assistance. The government also informed Clay that Eubanks had been indicted in another jurisdiction. Clay received this information from the government on the day of his sentencing. As a result, Clay was unable to ascertain before his sentencing whether the assistance he provided was used to charge Eubanks, to influence Eubanks' plea, or to influence Eubanks' sentence. Without this information, the court could not accurately determine whether Clay was entitled to a motion for downward departure because his assistance led "directly or indirectly to the filing criminal charges against" Eubanks in the other jurisdiction. Before making a decision on this issue, the district court should have conducted an evidentiary hearing.
 
 
 13
 For the reasons stated above, this court AFFIRMS the district court's decision that the sentencing guidelines and statutes applied to Clay are constitutional. This court also VACATES the district court's decision that the government was not required to file a motion for downward departure. We REMAND for an evidentiary hearing on the claim that Clay's assistance led "directly or indirectly" to the filing of criminal charges against Eubanks.